**AMERICAN HOSPITAL ASSOCIATION, a private, nonprofit corporation; West Virginia Hospital Association, a private, nonprofit corporation; Stonewall Jackson Memorial Hospital Company, a private, nonprofit, charitable corporation; Charles Town General Hospital, a private, nonprofit, charitable corporation; Weirton Medical Center, Inc., a private, nonprofit, charitable corporation; Sistersville General Hospital, Inc., a city hospital; Wheeling Hospital, Inc., a private, nonprofit, charitable corporation; The Catholic Health Association of the United States, a private, nonprofit corporation, Appellants,**

v.

**L. Clark HANSBARGER, Director of the West Virginia Department of Health, Appellee.**

No. 85–1056.

United States Court of Appeals, Fourth Circuit.

Argued Nov. 4, 1985.

Decided Feb. 27, 1986.

Charles L. Woody (Robert J. O'Neil, Spilman, Thomas, Battle & Klostermeyer, Charleston, W.Va., on brief), for appellants.

Donald L. Darling, Deputy Atty. Gen. (Charlie Brown, Atty. Gen., Walt Auvil, Asst. Atty. Gen., Charleston, W.Va., on brief), for appellee.

Before SPROUSE and CHAPMAN, Circuit Judges and BUTZNER, Senior Circuit Judge.

PER CURIAM:

In 1983 the West Virginia legislature enacted what is now § 16–5B–6a of the West Virginia Code. This Act requires that on or before July 1, 1984, at least forty percent of the Board of Directors of all nonprofit and local government hospitals located in West Virginia must be composed of an equal proportion of "consumer representatives" from four categories: small business, organized labor, elderly persons, and persons whose income is less than the national median income. It provided: "Special consideration shall be made to select women, racial minorities and handicapped persons." *Id.* § 16–5B–6a(c). The text of the bill includes an explanation of the legislature's concern:

(a) The legislature declares that a crisis in health care costs exists, that one important approach to deal with this crisis is to have widespread citizen participation in hospital decision making and that many hospitals in West Virginia exclude from their boards important categories of consumers, including small businesses, organized labor, elderly persons and lower-income consumers. The legislature further declares that nonprofit hospitals receive such major revenue from public sources and are so crucial in health planning and development that it is necessary to require consumer representatives on their boards of directors. Therefore, the legislature determines

---

that nonprofit hospitals and hospitals owned by local governments should have boards of directors representative of the communities they serve.

*Id.* § 16–5B–6a(a).

The Act goes on to provide the forty-percent requirement and the four categories mentioned above.

A number of non-profit hospitals and hospitals owned by a county, city, or other political subdivision, brought suit in the United States District Court for the Northern District of West Virginia, challenging the statute on constitutional grounds. In a very well-reasoned opinion, the district court found that it was not required to pass upon the wisdom of the legislature in passing the challenged statute, but to determine whether the statute violated the Constitution of the United States or the Constitution of the State of West Virginia. The district court found no constitutional violations; we agree and affirm *for the reasons set forth in the district court opinion re*ported as *American Hospital Association v. Hansbarger*, 600 F.Supp. 465 (N.D.W. Va.1984).

AFFIRMED.